Steven Hathaway
3811 Consolidation Ave.
Bellingham, WA 98227
(360) 676-0529

Judge: Marc L. Barreca
Chapter 7
Hearing Date: May 12, 2021
Hearing Time: 10:00 a.m.
Response Date: May 5, 2021

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

In re: )   Chapter 7 Proceeding
 )
John Felix Castleman, Sr. )   Case No. 19-12233-MLB
Kimberly Kay Castleman, )
    *Debtors*. )   RESPONSE TO MOTION
 )   SEEKING APPRECIATION IN
_____ )   VALUE SINCE PETITION DATE

**COME NOW** the Debtors, by and through their attorney Steven Hathaway, and respond to the chapter 7 trustee's motion to sell their residence pursuant 11 U.S.C. § 348 (f)(1)(B) as follows.

    1. On June 13, 2019 the Debtors filed a chapter 13 petition. Dkt. No. 1. Their schedules reflect that they own a home at 5857 Everson Goshen Road, Bellingham, WA 98226 which was valued at $500,000 on the petition date. The Debtors resided in the home on the petition date and continue to reside there. There is a mortgage against the home which had a balance owing of $375,000 on the petition date. The Debtors claimed a $125,000 exemption in the home.

    3. On September 25, 2019 the court entered an order confirming the Debtors chapter 13 plan. Dkt. No. 32. The Debtors confirmed plan provided for payments to the chapter 13 trustee of $1,790 per month of which $724 was payable to Heritage Bank for a 2015 Chevrolet Tahoe and $200 was payable to Alaska USA Federal Credit Union for a 2015 Nissan Sentra. The balance of the monthly payment, after deduction for administrative costs, was payable to Washington Department of Revenue which is owed priority debt of $41,727.63. The plan provided that the mortgage payment on their home, in the amount of $2,417 per month, was paid directly outside the plan. Dkt. No. 30.

    4. On December 14, 2020 the Debtors mortgage company moved for relief from stay on their home at which time there was a balance owing of $390,763.83 including principal, accrued

RESPONSE TO TRUSTEE'S MOTION
SEEKING APPRECIATION OF
VALUE IN DEBTORS HOME
SINCE PETITION DATE

LAW OFFICES OF STEVEN HATHAWAY
3811 CONSOLIDATION AVE.
BELLINGHAM, WA 98227
PHONE: (360) 676-0529
FACSIMILE: (360) 676-0067

Case 19-12233-MLB    Doc 75    Filed 05/05/21    Ent. 05/05/21 13:53:10    Pg. 1 of 7

interest, late charges, escrow shortages, fees and costs as set forth in its pleadings. Dkt. No. 44 and 45. The Debtors response to the lender's motion for relief (Dkt. No. 46) stated they intended to convert to chapter 7 because:

(a) the Debtors mortgage payments had been in deferment by lender due to COVID relief but the deferment recently expired;

(b) Mr. Castleman became unemployed in March 2020 due to COVID-19 and did not return to work until July 1, 2020.

(c) Mr. Castleman was recently diagnosed with Parkinson's disease and quit working in January 2021 because of the disease.

(d) Mr. Castleman is now on a fixed income of Social Security of $2,003 per month and a post office pension of $375.79 per month; Mrs. Castleman brings home approximately $3,300 per month from employment as office manager for Olson Family Chiropractic, Inc., but may have to quit work to care for her husband due to his illness.

5. On January 12, 2021 the Debtors filed a motion to convert to chapter 7. Dkt. No. 47. The court granted Debtors motion to convert on February 5, 2021. Dkt. No. 53.

6. The Debtors paid $22,115.00 to the chapter 13 trustee prior to conversion to chapter 7. https://www.13network.com.

7. The chapter 7 trustee now seeks an order limiting the amount of Debtors exemption in their home in the chapter 7 case to $125,000 and that any appreciation in the value since the petition date is property of the chapter 7 bankruptcy estate. Trustee argues he is authorized to, and has the duty to, revalue the property at its current market price and to liquidate it for the benefit of creditors. He seeks this relief so he may sell the Debtors home for the benefit of the estate. Dkt. No. 72. Debtors object.

ARGUMENT

1. VALUATION OF RESIDENCE IN CHAPTER 13 BINDING ON THE TRUSTEE

The majority of courts that have considered the issue have held that, in the absence of a contested valuation proceeding, the order confirming a chapter 13 plan incorporates an implicit finding that the value of the debtor's residence is the value at which the debtor scheduled the residence. *See, e.g., Pisculli v. T.S. Haulers, Inc. (In re Pisculli), 426 B.R. 52, 63 (E.D.N.Y. 2010)* (holding creditors not entitled to postpetition appreciation in converted chapter 7), *aff'd, 408*

RESPONSE TO TRUSTEE'S MOTION
SEEKING APPRECIATION OF
VALUE IN DEBTORS HOME
SINCE PETITION DATE

- 2 -

LAW OFFICES OF STEVEN HATHAWAY
3811 CONSOLIDATION AVE.
BELLINGHAM, WA 98227
PHONE: (360) 676-0529
FACSIMILE: (360) 676-0067

Case 19-12233-MLB    Doc 75    Filed 05/05/21    Ent. 05/05/21 13:53:10    Pg. 2 of 7

*Fed.Appx. 477 (2nd Cir. 2011)*; *In re Burt, 2009 WL 2386102 (Bankr. N.D. Ala. July 31, 2009)* (equity created by mortgage payments during chapter 13 case did not inure to benefit of chapter 7 estate after conversion); *In re Niles, 342 B.R. 72 (Bankr. D. Ariz. 2006)* (postpetition appreciation over valuation that was implicitly accepted by plan confirmation was not property of chapter 7 estate after conversion); *Warren v. Peterson, 298 B.R. 322 (N.D. Ill. 2003)*; *In re Slack, 290 B.R. 282 (Bankr. D.N.J. 2003)*; *In re Page, 250 B.R. 465 (Bankr. D.N.H. 2000)*.

In this case, the debtors scheduled their residence at a value of $500,000. No one challenged that value in the context of plan confirmation or otherwise while the case was pending in chapter 13. Because no party raised any objection to confirmation, the bankruptcy court confirmed the debtors' chapter 13 plan without a hearing. Dkt. No. 32.

The valuation of the residence in the chapter 13 is binding on the chapter 7 trustee based on the holdings of the majority of the courts that have considered the issue, including many of those in the Ninth Circuit.

### 2. INTEREST IN RESIDENCE DETERMINED ON FILING NOT CONVERSION

In *In re Lynch, 363 B.R. 101, 106 (9th Cir. BAP 2007)* the BAP rejected arguments based on a number of the reported cases that the confirmation of a chapter 13 plan has an implicit finding that the value of the debtor's home is what was scheduled by the Debtor. *Id. at 104-06*. Believing the 2005 BACPA amendments to 348(f)(1)(B) essentially eliminated the holdings in cases regarding implicit value, the BAP concluded that use of an implicit valuation in a case converted from a chapter 13 to a chapter 7 was improper. Nevertheless, the BAP recognized that equity created by payments to secured claims and property appreciation after the chapter 13 petition should be excluded as estate property in a case converted to chapter 7. *Id. at 107*.

According to the BAP, debtors should retain equity created during a chapter 13 case because that is the legislative intent of *§ 348(f)* which is buttressed by *§ 348(f)(2)* directing the bankruptcy court to look to the date of conversion when a 13 is converted in bad faith. *Id*.

The trustee has pointed to nothing indicating the Debtors converted this case in bad faith.

### 3. LEGISLATIVE INTENT OF 11 U.S.C. § 348 - APPRECIATION TO DEBTOR

*In re Barrera, 620 B.R. 645 (Bankr. D. Colo. 2020), aff'd, No. BAP CO-20-003, 2020 WL 5869458 (10th Cir. BAP Oct. 2, 2020)* (Barrera I) the United States Bankruptcy Court for the District of Colorado concluded that appreciation inures to the debtor upon conversion based on

RESPONSE TO TRUSTEE'S MOTION
SEEKING APPRECIATION OF
VALUE IN DEBTORS HOME
SINCE PETITION DATE

- 3 -

LAW OFFICES OF STEVEN HATHAWAY
3811 CONSOLIDATION AVE.
BELLINGHAM, WA 98227
PHONE: (360) 676-0529
FACSIMILE: (360) 676-0067

Case 19-12233-MLB    Doc 75    Filed 05/05/21    Ent. 05/05/21 13:53:10    Pg. 3 of 7

the legislative history of *§ 348. Id. at 649-53* and (citing e.g., *In re Niles, 342 B.R. 72, 76 (Bankr. D. Ariz. 2006)*).

Finding the meaning of property in § 348(f)(1)(A) was ambiguous, Barrera I turned to the legislative history of § 348(f), stating:

The House Report indicates that § 348(f)(1)(A) was enacted to:

> clarify the Code to resolve a split in the case law about what property is in the bankruptcy estate when a debtor converts from chapter 13 to chapter 7. The problem arises because in chapter 13 . . . any property acquired after the petition becomes property of the estate, at least until confirmation of a plan. Some courts have held that if the case is converted, all of this after-acquired property becomes part of the estate in the converted chapter 7 case, even though the statutory provisions making it property of the estate do not apply to chapter 7. Other courts have held that the property of the estate in a converted case is the property the debtor had when the original chapter 13 petition was filed.
>
> These latter courts have noted that to hold otherwise would create a serious disincentive to chapter 13 filings. For example, a debtor who had $10,000 equity in a home at the beginning of the case, in a State with a $10,000 homestead exemption, would have to be counseled concerning the risk that after he or she paid off a $10,000 second mortgage in the chapter 13 case, creating [another] $10,000 in equity, there would be a risk that the home could be lost if the case were converted to chapter 7 (which can occur involuntarily). If all of the debtor's property at the time of conversion is property of the chapter 7 estate, the trustee would sell the home, to realize the $10,000 in [non-exempt] equity for the unsecured creditors and the debtor would lose the home.

RESPONSE TO TRUSTEE'S MOTION
SEEKING APPRECIATION OF
VALUE IN DEBTORS HOME
SINCE PETITION DATE

- 4 -

LAW OFFICES OF STEVEN HATHAWAY
3811 CONSOLIDATION AVE.
BELLINGHAM, WA 98227
PHONE: (360) 676-0529
FACSIMILE: (360) 676-0067

Case 19-12233-MLB    Doc 75    Filed 05/05/21    Ent. 05/05/21 13:53:10    Pg. 4 of 7

> This amendment overrules the holding in cases such as Matter of Lybrook, 951 F.2d 136 (7th Cir. 1991) and adopts the reasoning of In re Bobroff, 766 F.2d 797 (3d Cir. 1985). However, it also gives the court discretion, in a case in which the debtor has abused the right to convert and converted in bad faith, to order that all property held at the time of conversion shall constitute property of the estate in the converted case.

*Id. at 652-53 (quoting H.R. Rep. No. 103-835, at 57 (1994), as reprinted in 1994 U.S.C.C.A.N. 3340, 3366).*

Barrera I reasoned that the legislative history, which demonstrates "Congress' concern that the chapter 7 trustee was getting the postpetition increase in equity in the debtor's home," supports a conclusion that "property" in *§ 348(f)(1)(A)* means "property as it existed on the petition date, with all its attributes, including the amount of equity that existed on that date." *Id. at 653*. The court found no distinction between equity increases due to the debtor's paydown of liens or that due to changes in the market because "the legislative history points toward is Congress' intent to leave a debtor who attempts a repayment plan no worse off than he would have been had he filed a chapter 7 case at the outset." *Id.*

Barrera I also cited commentary by Keith M. Lundin and William H. Brown in support of this interpretation:

> [I]t seems to have been congressional intent to take a snapshot of the estate at the filing of the original Chapter 13 petition and, based on that inventory, include in the Chapter 7 estate at conversion only the portion that remains in the possession or control of the debtor. The spirit of § 348(f)(1)(A) is best captured by a rule that property acquired by the Chapter 13 estate or by the debtor after the Chapter 13 petition does not become property of the Chapter 7 estate at a good-faith conversion. The method of acquisition after

RESPONSE TO TRUSTEE'S MOTION SEEKING APPRECIATION OF VALUE IN DEBTORS HOME SINCE PETITION DATE

- 5 -

LAW OFFICES OF STEVEN HATHAWAY
3811 CONSOLIDATION AVE.
BELLINGHAM, WA 98227
PHONE: (360) 676-0529
FACSIMILE: (360) 676-0067

Case 19-12233-MLB    Doc 75    Filed 05/05/21    Ent. 05/05/21 13:53:10    Pg. 5 of 7

the Chapter 13 petition should not matter: post-petition property does not become property of the Chapter 7 estate at conversion, whether acquired with earnings by the debtor, by transfer to the debtor-for example, an inheritance after 180 days after the petition-or by appreciation in the value of a pre-petition asset.

*Id. (quoting Keith M. Lundin & William H. Brown, Chapter 13 Bankruptcy, § 316.1, at 26 (4th ed. 2004) (the "House Report"))*.

Finally, Barrera I addressed public policy concerns that such an interpretation would lead to a windfall to debtors. *Id. at 653-54*. Barrera I dismissed this concern, reasoning a chapter 7 debtor would usually seek abandonment of the property if the debtor believes the case will remain open for a significant period to avoid the possibility that the trustee can reap the benefits of an increase in equity. *Id*. In addition, the court reasoned that where the case will be administered quickly, the trustee is unlikely to benefit from significant increases in equity. *Id.*

4. <u>AFTER-ACQUIRED PROPERTY EXCLUDED IN CONVERSION FROM 13 TO 7</u>.

Property of the estate in a case converted to chapter 7 from chapter 13 does not include property acquired after the original petition was filed. *11 U.S.C. § 348(f)(1)(A); Harris v. Viegelahn, 135 S. Ct. 1829, 191 L. Ed. 2d 783, 83 U.S.L.W. 4293 (2015)* (when case converted after confirmation, funds in trustee's hands must be returned to debtor). See *In re Hodges, 518 B.R. 445 (E.D. Tenn. 2014)* (increased equity in property due to postpetition mortgage payments and appreciation not property of chapter 7 estate after conversion); *Taylor v. Burns, 344 B.R. 523 (W.D Ky. 2004)* (tax refunds based upon postpetition wages not property of estate after conversion); *In re Love, 2019 WL 2427198 (Bankr. E.D. Va. June 10, 2019)* (personal injury claim arising after petition was not property of chapter 7 estate after conversion). The only exception to this rule is when the case is converted in "bad faith," in which case the court can order that property acquired during the chapter 13 case becomes property of the chapter 7 estate. *11 U.S.C. § 348(f)(2)*.

Again, the trustee has pointed to nothing indicating Debtor converted this case in bad faith.

RESPONSE TO TRUSTEE'S MOTION
SEEKING APPRECIATION OF
VALUE IN DEBTORS HOME
SINCE PETITION DATE

- 6 -

LAW OFFICES OF STEVEN HATHAWAY
3811 CONSOLIDATION AVE.
BELLINGHAM, WA 98227
PHONE: (360) 676-0529
FACSIMILE: (360) 676-0067

Case 19-12233-MLB    Doc 75    Filed 05/05/21    Ent. 05/05/21 13:53:10    Pg. 6 of 7

## CONCLUSION

Based on the foregoing, and for the reasons stated, the Debtors respectfully submit that post-petition appreciation in the value of their pre-petition property, including post-petition appreciation of their home, is not property of the bankruptcy estate and the trustee's motion should be denied.

Date: 05/05/2021      */s/ Steven C. Hathaway*
Steven Hathaway, WSBA #24917
Attorney for Debtors

## DECLARATION OF MAILING

THE UNDERSIGNED CERTIFIES UNDER PENALTY OF PERJURY THAT ON 05/05/2021 THE UNDERSIGNED CAUSED TO BE DELIVERED EITHER BY FIRST CLASS MAIL, LEGAL MESSENGER OR ELECTRONICALLY A COPY OF THIS RESPONSE TO THE CHAPTER 7 TRUSTEE AND HIS COUNSEL.

*Dated*: 05/05/2021      */s/ Simone M. Hathaway*
Simone M. Hathaway, Legal Assistant

RESPONSE TO TRUSTEE'S MOTION
SEEKING APPRECIATION OF
VALUE IN DEBTORS HOME
SINCE PETITION DATE

- 7 -

LAW OFFICES OF STEVEN HATHAWAY
3811 CONSOLIDATION AVE.
BELLINGHAM, WA 98227
PHONE: (360) 676-0529
FACSIMILE: (360) 676-0067

Case 19-12233-MLB    Doc 75    Filed 05/05/21    Ent. 05/05/21 13:53:10    Pg. 7 of 7