Entered on Docket June 4, 2021

**Below is a Memorandum Decision of the Court.**



_____
Marc Barreca
**U.S. Bankruptcy Court Judge**

(Dated as of Entered on Docket date above)

_____
–

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re: | Case No. 19-12233-MLB |
| John Felix Castleman, Sr. and Kimberly Kay Castleman, | **MEMORANDUM DECISION** |
| Debtors. | |

## INTRODUCTION

The issue before me is whether the debtor or the Chapter 7 bankruptcy estate receives the benefit of appreciation in property value for the period between filing of a Chapter 13 case and conversion of that case to Chapter 7. Choosing between conflicting judicial approaches, I determine that the Chapter 7 estate receives the benefit as appreciation is not a distinct and separate asset under the Bankruptcy Code and nothing in the statute fixes the value of estate assets at the date of petition.

The Chapter 7 Trustee (hereafter the "Trustee") has filed a Motion RE: Section 348(f)(1) (hereafter the "Motion," Dkt. No. 72) seeking a determination that property of the Chapter 7 estate includes the current market value of John and Kimberly Castleman's (hereafter collectively the

MEMORANDUM DECISION - 1
Case 19-12233-MLB    Doc 82    Filed 06/04/21    Ent. 06/04/21 13:36:02    Pg. 1 of 10

"Debtors") real property and that the Trustee be authorized to market the residence of the Debtors. Debtors respond, asserting that the appreciation in value between the filing of the Chapter 13 petition and conversion to Chapter 7 is not property of the bankruptcy estate (Dkt. No. 75). The Trustee filed a reply in support of his position (Dkt. No. 78).

I heard oral argument on May 12, 2021 and took the matter under advisement. Having reviewed the relevant pleadings and having heard arguments from the parties, I conclude that the full present value of the real property, including any appreciation between the Chapter 13 petition date and date of conversion, is property of the Chapter 7 bankruptcy estate.

## JURISDICTION

I have jurisdiction over the parties and the subject matter of this Motion pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O) and 1334.

## FACTS

On June 13, 2019, the Debtors filed for relief under Chapter 13 of the Bankruptcy Code (Dkt. No. 1). On September 25, 2019, the Debtors' Chapter 13 plan was confirmed (Dkt. No. 32). On February 5, 2021, the Debtors' case converted to Chapter 7 (Dkt. No. 53).

Debtors listed real property located at 5857 Everson Goshen Road, Bellingham, WA (hereafter the "Real Property") in their original schedules with a value of $500,000.00 (Dkt. No. 10). Debtors also listed debt secured by the Real Property in the amount of $375,077.00 and claimed a homestead exemption in the amount of $124,923.00 (Dkt. No. 10). The Trustee asserts that the Real Property is currently worth at least $700,000.00.[1] See Declaration of Kai Rainey, Dkt. No. 72. The Trustee further asserts that any increase in value should inure to the benefit of the Chapter 7 bankruptcy estate (Dkt. No. 72).

---

[1] It is unclear whether the Trustee agrees that the date of petition value was $500,000.00 or whether the date of petition equity in the Real Property was greater than the exempted amount of $124,923.00.

# ANALYSIS

## I. Declaratory Relief

Before turning to the substantive legal arguments there is a procedural issue that should be addressed. Normally, both requests for determination of whether an asset is property of the estate and for declaratory relief require an adversary proceeding. *See* Federal Rule of Bankruptcy Procedure 7001(2) and (9). Parties, however, may waive this right. *See In re Cogliano*, 355 B.R. 792, 806 (B.A.P. 9th Cir. 2006) ("When the question of whether property is part of the estate is in controversy, Rule 7001(2) requires an adversary proceeding, *absent waiver or harmless error . . . .*") (emphasis added).

Here, neither party requests an adversary proceeding and there is no procedural detriment to either party in addressing the legal issues as a contested matter. Moreover, at oral argument both parties agreed that the issue should be resolved through this contested matter rather than through an adversary proceeding. I will therefore adjudicate the matter in its current procedural posture.

## II. Two Approaches to Interpreting § 348(f)(1)

Section 348(f)(1) provides:

> (1) Except as provided in paragraph (2), when a case under chapter 13 of this title is converted to a case under another chapter under this title—
> (A) property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion;
> (B) valuations of property and of allowed secured claims in the chapter 13 case shall apply only in a case converted to a case under chapter 11 or 12, but not in a case converted to a case under chapter 7, with allowed secured claims in cases under chapters 11 and 12 reduced to the extent that they have been paid in accordance with the chapter 13 plan . . . .

11 U.S.C. §§ 348(f)(1)(A) and (B).

Courts have adopted two major approaches when analyzing the impact of 11 U.S.C. § 348(f)(1) on changes in property value or net equity between the petition date and the date of conversion from

**Below is a Memorandum Decision of the Court.**

Chapter 13 to Chapter 7. Some courts have held that any increase in net value of an asset the debtor owned at the date of petition that remains in the debtor's possession or control at conversion to Chapter 7 inures to the benefit of the debtor, absent bad faith. *See In re Barrera*, 620 B.R. 645, 652–54 (Bankr. D. Colo. 2020), *aff'd*, BAP No. CO-20-003, 2020 WL 5869458 (B.A.P. 10th Cir. (Colo.) Oct. 2, 2020); *In re Cofer*, 625 B.R. 194, 202 (Bankr. D. Idaho 2021); *In re Lynch*, 363 B.R. 101, 107 (B.A.P. 9th Cir. 2007); *In re Niles*, 342 B.R. 72, 76 (Bankr. D. Ariz. 2006). I will hereafter refer to this as the "*Cofer* Approach." Other courts have held that any appreciation or increase in net value inures to the Chapter 7 estate. *See In re Goins*, 539 B.R. 510, 516 (Bankr. E.D. Va. 2015); *see also In re Peter*, 309 B.R. 792, 795 (Bankr. D. Or. 2004).[2] I will hereafter refer to this as the "*Goins* Approach."

### A. The *Cofer* Approach

In *Cofer*, the debtor converted her case from Chapter 13 to Chapter 7. Following conversion, the Chapter 7 trustee sought to limit the amount of the debtor's homestead to the value at the date of petition and argued that any post-petition appreciation in value inured to the Chapter 7 estate. In analyzing Section 348(f)(1), the court held that the statute was ambiguous and relied on the statute's legislative history to determine that the post-petition, pre-conversion appreciation in value of the Chapter 13 debtor's home inured to the benefit of the debtor. 625 B.R. at 200–02.

Similarly, in *Barrera*, the court determined that Section 348(f)(1) is ambiguous and that the statute should be interpreted in light of the legislative history of the 1994 Amendments. The court also concluded that any appreciation in value inures to the benefit of the debtor as that outcome follows the intention of Congress to encourage debtors to file under Chapter 13. 620 B.R. 652–54.

---

[2] One court, based on the same reasoning, has concluded that a debtor does not have to account for a decline in the value of an automobile between the date of a Chapter 13 petition and conversion to Chapter 7. *In re Lang*, 437 B.R. 70, 72–73 (Bankr. W.D.N.Y. 2010).

The Ninth Circuit Bankruptcy Appellate Panel ("BAP") also concluded that the statute is ambiguous and relied on the legislative history of the 1994 Amendments in determining that any post-petition, pre-conversion appreciation inures to the debtor's benefit. *See In re Lynch*, 363 B.R. at 107. In *Lynch*, the Chapter 7 trustee appealed from an ordering compelling him to abandon the debtor's residence. *Id.* at 102. The BAP ultimately reversed the bankruptcy court as there had been no binding valuation of the real property as of the date of petition. However, the BAP also noted that the legislative history indicates that debtors should retain equity created during the Chapter 13 case. *Id.* at 107.

### B. The *Goins* Approach

In *Goins*, following conversion of the debtor's case from Chapter 13 to Chapter 7, the trustee sought to sell the debtor's real property and the debtor moved to compel abandonment. The real property had increased in value between the date of petition and conversion and the debtor had made payments reducing debt secured by the property. The trustee asserted that the Chapter 7 estate was entitled to the appreciation in value but stipulated that the debtor would receive any increase in equity due to his payments on the secured debt during the Chapter 13 case. The court determined that the Chapter 7 estate was entitled to the appreciation. *Goins*, 539 at 511–15.[3]

Similarly, in *In re Peter*, the court held that even if the net value of an asset changes during the Chapter 13 case due to the debtor's payments on secured debt, the increase in equity inures to the Chapter 7 estate. In *Peter*, the debtor paid off debt secured by a vehicle prior to conversion of his Chapter 13 to Chapter 7. The court concluded that "pursuant to § 348(f)(1)(A), upon conversion, property of the Chapter 7 estate consists of property of the estate as of the date of filing of the petition,"

---

[3] As noted, in *Goins*, the trustee and the debtor stipulated to the debtor receiving the benefit of the post-petition, pre-conversion payment of secured debt. As discussed below, the legislative history of Section 348(f) only references pre-conversion paydown of debt, not market-based appreciation. Interestingly, in one case, *In re Wegner*, the court, without referencing legislative history, ruled that the debtor receives the benefit of market-based appreciation during the Chapter 13 but does not receive the benefit of debtor's paydown of secured debt. 243 B.R. 731, 737 (Bankr. D. Neb. 2000).

the vehicle was property of the estate on the date of petition, and that "[t]he statute does not limit the subsequent Chapter 7 estate to equity in property of the estate" at the petition date. 309 B.R. 793–95.

I conclude that the *Goins* Approach is the correct interpretation of Section 348(f)(1).

### III. Appreciation Inures to the Bankruptcy Estate

#### A. Legislative History of § 348(f)(1)

> The plain meaning of legislation should be conclusive, except in the "rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters." *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S. Ct. 3245, 3250, 73 L. Ed. 2d 973 (1982). In such cases, the intention of the drafters, rather than the strict language, controls. [*Id.*]

*United States v. Ron Pair Enterprises*, *Inc.*, 489 U.S. 235, 242–43, 109 S. Ct. 1026, 1030, 103 L. Ed. 2d 290 (1989).

> When faced with interpreting the meaning of a statute, the Court begins with the language of the statute itself. *United States v. Ron Pair Enterprises*, *Inc.*, 489 U.S. 235, 241, 109 S. Ct. 1026, 1030, 103 L. Ed. 2d 290 (1989). If the language is clear, the Court's inquiry ends, and the Court will enforce the statute according to its terms. *See Ron Pair*, 489 U.S. at 241, 109 S. Ct. at 1030 ("where ... the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'") (quoting *Caminetti v. United States*, 242 U.S. 470, 485, 37 S. Ct. 192, 194, 61 L. Ed. 442 (1917)).

*In re Martinez*, No. 7-10-11101 JA, 2015 WL 3814935, *5 (Bankr. D.N.M. June 18, 2015). *See also In re Catapult Entm't, Inc.*, 165 F.3d 747, 753 (9th Cir. 1999) (citing *Auburn v. United States*, 154 F.3d 1025, 1029 (9th Cir. 1998) (courts consider legislative history (1) where the statute is ambiguous, or (2) where it is unambiguous but "the legislative history clearly indicates that Congress meant something other than what is said.")).

11 U.S.C. § 348(f) was added to the Bankruptcy Code as part of substantial changes to the Code enacted in 1994. The House Report discussion regarding Section 348(f) is as follows:

> This amendment would clarify the Code to resolve a split in the case law about what property is in the bankruptcy estate when a debtor converts from chapter 13 to chapter 7. The problem arises because in chapter 13 (and chapter 12), any property acquired after the petition becomes property of the estate, at least until confirmation of a plan. Some courts have held that if the case is converted, all of this after-acquired property becomes

> part of the estate in the converted chapter 7 case, even though the statutory provisions making it property of the estate do not apply to chapter 7. Other courts have held that property of the estate in a converted case is the property the debtor had when the original chapter 13 petition was filed.
>
> These latter courts have noted that to hold otherwise would create a serious disincentive to chapter 13 filings. For example, a debtor who had $10,000 equity in a home at the beginning of the case, in a State with a $10,000 homestead exemption, would have to be counseled concerning the risk that after he or she paid off a $10,000 second mortgage in the chapter 13 case, creating $10,000 in equity, there would be a risk that the home could be lost if the case were converted to chapter 7 (which can occur involuntarily). If all of the debtor's property at the time of conversion is property of the chapter 7 estate, the trustee would sell the home, to realize the $10,000 in equity for the unsecured creditors and the debtor would lose the home.
>
> This amendment overrules the holding in cases such as *Matter of Lybrook*, 951 F.2d 136 (7th Cir. 1991) and adopts the reasoning of *In re Bobroff*, 766 F.2d 797 (3d Cir. 1985). However, it also gives the court discretion, in a case in which the debtor has abused the right to convert and converted in bad faith, to order that all property held at the time of conversion shall constitute property of the estate in the converted case.

H.R. Rep. No. 103-835, at 57 (1994), *as reprinted in* 1994 U.S.C.C.A.N. 3340, 3366.

The addition of Section 348(f)(1)(A), by its plain terms, accomplishes the apparent goal of eliminating a "serious disincentive to [C]hapter 13 filings." In the referenced *Lybrook* case, the court ruled that a post-Chapter 13 petition, pre-Chapter 7 conversion inheritance became property of the Chapter 7 bankruptcy estate. Conversely, in *Bobroff*, the court ruled that a post-Chapter 13 petition, pre-Chapter 7 conversion tort claim inured to the benefit of the debtor, not the Chapter 7 estate. Both of the referenced cases dealt with new assets acquired after the date of petition, not value changes to existing assets. By providing that "property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion," Section 348(f)(1)(A) clearly adopts the *Bobroff* approach and rejects *Lybrook*. Thus, as referenced in the House Report, Section 348(f)(1)(A) eliminates a disincentive to Chapter 13 debtors regarding the risk of losing assets acquired between the date of petition and conversion to the Chapter 7 trustee if the Chapter 13 case is eventually converted.

**Below is a Memorandum Decision of the Court.**

Unfortunately, the House Report creates some confusion. The example it provides of the risks of conversion from Chapter 13 to Chapter 7 describes the debtor's risk of losing a homestead to sale by a Chapter 7 trustee due to equity created by payments on secured debt during the Chapter 13 case. H.R. Rep. No. 103-835, at 57. Section 348(f) provides that assets such as a homestead held by the debtor at the date of petition become property of the Chapter 7 estate. The new Section 348(f) does not at all address the effect of conversion on paydown of secured debt during the Chapter 13 case or changes in the value of pre-petition assets. However, the provision is not ambiguous. It simply does not address the scenario referred to in the House Report. Where, as here, the statute is clear and consistent with overall legislative intent, the failure to in any manner address the example provided in the legislative history does not create ambiguity. Nor do I believe it makes the statutory language, "demonstrably at odds with the intentions of its drafters." It is therefore not appropriate to read into the statute an unstated provision regarding treatment of post-petition, pre-conversion changes in property value.[4]

### B. Consistency with Ninth Circuit Treatment of Post-Petition Appreciation

In an individual Chapter 7 case new post-petition assets belong to the debtor not the bankruptcy estate. *See In re Smith*, 235 F.3d 472, 477–78 (9th Cir. 2000). Post-petition appreciation is not treated as a separate asset from pre-petition property and inures to the bankruptcy estate, not the debtor. *See Wilson v. Rigby*, 909 F.3d 306, 312 (9th Cir. 2018); *see also In re Hyman*, 967 F.2d 1316, 1321 (9th Cir. 1992); *In re Reed*, 940 F.2d 1317, 1323 (9th Cir. 1991).

As discussed in *Goins*,

> There is an irreconcilable conflict between these cases, which look to Section 541(a)(6), and the cases cited in Part A above [cases taking the "*Cofer* Approach"] . . . , which look to Section 348(f)(1)(A) for the answer. In the Court's view, the cases under Section 541(a)(6) are applicable because the equity attributable to the post-petition appreciation of the property is not separate, after-acquired property, to which we might look to Section

---

[4] Under the *Cofer* Approach, it is unclear what language would be read into the statute to address the referenced secured debt paydown scenario. Should courts read in language creating, in essence, an exemption for either the amount of secured debt reduction during the Chapter 13 case or for <u>any</u> increase in net value that occurs prior to conversion?

MEMORANDUM DECISION - 8

348(f)(1)(A). The equity is inseparable from the real estate, which was always property of the estate under Section 541(a).

*Id.* at 516.

In this respect the Ninth Circuit has held:

[A] transfer of interest is subject to the debtor's exemptions under § 522(b)(1), but the reference point for such exemptions is the commencement of the bankruptcy action. Following this transfer, all "proceeds, product, offspring, rents, or profits" [i]nure to the bankruptcy estate. *Id.* § 541(a)(6). This includes the appreciation in value of a debtor's home. *E.g., Schwaber v. Reed (In re Reed)*, 940 F.2d 1317, 1323 (9th Cir. 1991) (interpreting 11 U.S.C. § 541(a)(6) "to mean that appreciation [i]nures to the bankruptcy estate, not the debtor").

*Wilson*, 909 F.3d at 309.

Here, it is undisputed that the Real Property was property of the bankruptcy estate at the petition date, the Debtors were in possession of the Real Property at the date of conversion, and pursuant to Section 348(f)(1), the Real Property is property of the Chapter 7 estate. Nothing in Section 348(f) indicates that a post-petition increase in value of such property is to be treated differently than post-petition changes in value under *In re Reed*.[5]

## CONCLUSION

The meaning of Section 348(f)(1)(A) is clear. The failure of the provision to address the example of a risk of conversion from Chapter 13 to Chapter 7 discussed in the House Report does not

---

[5] Prior to 2005, Section 348(f)(1)(B) provided that "valuations of property and of allowed secured claims in the chapter 13 case shall apply in the converted case, with allowed secured claims reduced to the extent that they have been paid in accordance with the chapter 13 plan." 11 U.S.C. § 348(f)(1)(B) (1994), *amended by* Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. Some courts had construed this earlier version of Section 348(f)(1)(B) regarding <u>valuations</u> as supporting the conclusion that the <u>value</u> of property for the Chapter 7 estate was fixed at the date of petition when a Chapter 13 case converted to Chapter 7. *See In re Lynch*, 363 B.R. at 106–07 (holding that "the relevant valuation date for purposes of Section 348(f)(1)(B) is the Chapter 13 filing date," and absent bad faith, appreciation inures to the debtors).
  In 2005, Section 348(f)(1)(B) was amended to indicate that valuations made prior to conversion from Chapter 13 to Chapter 7 are not binding. The Trustee argues that this change indicates that the Chapter 7 estate includes any post-petition, pre-conversion appreciation in value. However, as one court correctly noted, <u>valuation</u> does not mean <u>value</u> and the valuation provision in Section 348(f)(1)(B) was irrelevant to interpretation of Section 348(f)(1)(A) even prior to the 2005 amendment. *In re Lang*, 437 B.R. at 72–73. The 2005 amendment to Section 348(f)(1)(B) is therefore irrelevant to interpretation of Section 348(f)(1)(A).

**Below is a Memorandum Decision of the Court.**

create ambiguity or put the provision at odds with overall legislative intent. There is no reason to read into the statute words which are not there. I therefore conclude that the full value of the Real Property is property of the Chapter 7 estate including any post-petition appreciation. Accordingly, I grant the Trustee's Motion. The Trustee may present an order consistent with this memorandum decision.

/// End of Memorandum Decision ///